UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO. 6:18-cr-174-Orl-40KRS

DAVID GILBERT

### GOVERNMENT'S SENTENCING MEMORANDUM REGARDING OBJECTION TO THE GUIDELINES RANGE

The United States of America hereby files its sentencing memorandum addressing the defendant's objection to the application of the sentencing guidelines, and states as follows:

### I.     INTRODUCTION

The defendant objects to the application of a two level enhancement for the use of a computer under USSG § 2G2.2(b)(6). However, Eleventh Circuit law is clear that the enhancement applies, and the defendant's objection should, therefore, be overruled.

### II.    ARGUMENT

As the PSR sets forth, the defendant in this case uploaded images of child pornography through his Google account; downloaded images of child pornography by using his cellular telephone; searched online for images of

child pornography; and possessed images of child pornography, including videos, on a memory card and on his laptop computer. See Doc. 36, ¶¶ 8-10.

Per USSG § 2G2.2(b)(6), a two level enhancement to the base offense level applies when "the offense involved the use of a computer…for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material." Further, the Eleventh Circuit has held that the two level enhancement is not impermissible double counting, because the use of a computer is not taken into account in the calculation of the base offense level for a violation of 18 U.S.C. § 2252A. See, e.g., United States v. Ballard, 448 F. App'x 987, 990 (11th Cir. 2011) (upholding application of the enhancement under USSG § 2G2.2(b)(6) because the defendant need not use a computer to violate 18 U.S.C. § 2252A(a)(2)); United States v. McRee, 625 F. App'x 430, 433–34 (11th Cir. 2015) (upholding application of the enhancement when defendant used a computer and cell phone to download images and videos of child pornography). See also United States v. Little, 864 F.3d 1283, 1291 (11th Cir. 2017) (double counting does not apply when the base offense level applies whether a computer is used or not).

### III. CONCLUSION

In light of the foregoing, the defendant's objection to the application of the sentencing guidelines should be overruled.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/ Kara M. Wick*
Kara M. Wick
Assistant United States Attorney
Florida Bar No. 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Kara.Wick@usdoj.gov

U.S. v. DAVID GILBERT	Case No. 6:18-cr-174-Orl-40KRS

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Alisha Marie S. Nair, Esq.

    *s/ Kara M. Wick*
    Kara M. Wick
    Assistant United States Attorney
    Florida Bar No. 0085578
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone:  (407) 648-7500
    Facsimile:  (407) 648-7643
    E-mail:  Kara.Wick@usdoj.gov