UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                                  Case No: 6:18-cr-174-Orl-40KRS

**DAVID GILBERT**

**RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

Mr. David Gilbert, by and through his undersigned counsel, respectfully submits this response to the Government's Sentencing Memorandum. Upon the Court's determination of the applicable guidelines, Mr. Gilbert respectfully requests a guideline sentence. Further, Mr. Gilbert will provide mitigation in the form of argument at the time of sentencing on December 7, 2018.

**USE OF COMPUTER ENHANCEMENT OBJECTION**

Pursuant to U.S.S.G § 6A1.3, when there are factors important to determining the sentence in dispute, the party seeking the enhancement or reduction bears the burden of providing information that has sufficient indicia of reliability to support its accuracy. Here, the government is seeking the enhancement of Mr. Gilbert's sentence for use of a computer; thus, Mr. Gilbert submits that the Government must bear the burden of establishing by a preponderance of the

evidence the facts necessary to support the sentencing enhancement. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

Mr. Gilbert objects to the enhancement for the use of a computer. Possession and distribution of child pornography occurs primarily through electronic means. Thus, to enhance an individual's sentence based on a standard mode of operation discredits the intent of specific offense characteristics. In 2012, the United States Sentencing Commission called into question the reasonableness of the specific offense characteristic for computer use in its report to Congress. *See* United States Sentencing Commission, "Report to the Congress: Federal Child Pornography Offenses," at 138-139 (2012). The enhancement, which results in a 2-level increase, was added to U.S.S.G. 2G.2.2 on November 1, 1996 during a period when cellular phones did not operate as miniature computers. *Id*. The enhancement remained in the guideline when amended on November 1, 2004. *Id*.

In 2012, almost every non-production offender received the enhancement. *Id*. Currently in 2018, it is virtually impossible to possess a cellular phone that does not have internet connection capabilities. Thereby supporting the premise that possession or distribution of child pornography is more likely than not to occur with the use of a computer. The enhancement is simply outdated and does not warrant an increase of already lengthy sentences as it does not distinguish one offender from the next.

If the Court finds the two-level enhancement for use of a computer is appropriate and applicable under the current guidelines, Mr. Gilbert respectfully requests the Court grant a downward variance to account for the two-level enhancement.

## CONCLUSION

Mr. Gilbert respectfully submits that a guideline sentence is sufficient to satisfy the goals of sentencing. Thus, undersigned counsel respectfully requests that the Court sentence Mr. Gilbert to a term of imprisonment within the applicable guideline range.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*s/ Alisha Marie S. Nair*
Alisha Marie S. Nair
Assistant Federal Defender
Georgia Bar No. 806033
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: alisha_marie_nair@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that undersigned submitted the foregoing *Response to the Government's Sentencing Memorandum* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Kara M. Wick, Assistant United States Attorney, this the 2 day of December, 2018.

*s/ Alisha Marie S. Nair*
Alisha Marie S. Nair
